ELIJAH F. TAINTER *vs.* ELIZABETH COLE & others.

Middlesex. Jan. 18, 19. — March 6, 1876. COLT & ENDICOTT, JJ., absent.

A lease of land by some of several tenants in common owning the land is invalid as to the others who do not join therein.

Upon a bill in equity to restrain the owners from taking down a building injured by fire, a part of which was leased to the plaintiff, and for general relief, it appeared that the building was owned by five tenants in common, four of whom only joined in a lease for life to A., who was the plaintiff's lessor. It did not appear that the plaintiff was not aware of the above facts when he brought the bill. *Held*, that the bill must be dismissed, and that it would not be retained for the purpose of assessing the plaintiff's damages against A.

BILL IN EQUITY, filed February 12, 1874, against Elizabeth Cole, and the heirs of Andrew Cole, to restrain them from taking down a building owned by the said heirs, which had been injured by fire, and a portion of which had been leased by Elizabeth Cole to the plaintiff.

The bill set forth the leases, alterations and improvements of the plaintiff; alleged that the building had been partially destroyed, and that Elizabeth Cole the tenant for life of the estate and some of the other defendants, owners of the reversion, pretended and claimed that by the partial destruction of the building the leases of the plaintiff and his estates thereunder had been determined; that all of the defendants were engaged in tearing down the building to remove the plaintiff's property therefrom and intended to dispossess the plaintiff, and prayed for an injunction to restrain the defendants from so doing and for general relief.

The answer admitted the leases, averred that the building had been substantially destroyed by fire, that the plaintiff's leases and estates had been thereby determined, and alleged that the defendants had a right to enter, tear down the remains of said building and dispossess the plaintiff.

A supplemental bill was filed October 5, 1875, setting forth the tearing down of the building and the erection of a new building on the land, and prayed that portions of the new building might be assigned and set out to the plaintiff, for damages and other relief. The answer admitted the entry upon and taking possession of the premises described and the removal of the ruins and debris of the building, and set forth that the defendants had erected, upon the site of the old one and the yard or passageway, a new brick block, and that in so doing they had removed a structure over said yard or passage erected by the plaintiff without right; and alleging that, whereas the old building was a wooden structure of long standing, of two stories in height, valued at $8000, the new building cost $40,000, was of brick, three stories high above the cellars, and much higher in the walls and in the height of the rooms on each floor than the old building; that it covered much more ground and was very differently divided into separate tenements; and set forth a description of the new building and alleged that a considerable portion of it was leased to tenants, and denied that the plaintiff was entitled to any relief.

Hearing before *Wells*, J., who reported the case for the consideration of the full court. The material facts of the case appear in the opinion.

*C. Robinson, Jr.*, for the plaintiff.

*R. D. Smith & W. W. Carruth*, for the defendants.

MORTON, J. The plaintiff holds two leases executed by Elizabeth Cole, by which she demised to him certain rooms in a building owned by the heirs of Andrew Cole, deceased, for the term of ten years from April 1, 1872.

There are five heirs of Andrew Cole. Before the leases to the plaintiff four of the said heirs had executed a lease of the building and land to Elizabeth Cole for her life. Her interest, when she undertook to lease the plaintiff's rooms to him, was that of a tenant for life, in four undivided fifth parts of the building and land. Carrie E. Cole, one of the defendants, was a minor when these several leases were made, and did not execute either of them. The plaintiff therefore, at the time his bill was brought, stood in the position of a tenant who held a lease from a part only of several tenants in common who owned the land, in which the other did not join.

Such a lease is not void as to those who execute it, but it is voidable by the tenants in common, who have not joined in it. It is of the essence of a tenancy in common that the tenants have each and equally the right to occupy the property. A lease by one tenant in common of a portion of the estate, in severalty, in which the others do not join, violates the rights of the latter, and as to them is invalid. *De Witt* v. *Harvey*, 4 Gray, 486. *Cunningham* v. *Pattee*, 99 Mass. 248.

It follows that the plaintiff's bill cannot be maintained. Its prayer is that the defendants shall be enjoined from removing the ruins of the building, and from dispossessing him of the rooms leased to him. Without considering whether there was such a destruction of the rooms leased as to terminate the leases as between him and Elizabeth Cole, his lessor, it is clear that the relief he seeks cannot be granted without violating the rights of Carrie E. Cole, who is not in any way affected by his leases.

And we are of opinion that the bill ought not to be entertained for the purpose of assessing any damages to which the plaintiff may be entitled against Elizabeth Cole. If there has been any breach of the covenants of his lease, he has a plain adequate and complete remedy by an action at law against her.

In cases where a bill in equity is brought in good faith, and the specific relief sought is defeated by a disability of the defendant to comply with a decree for specific relief, caused after the suit or after the date of the agreement relied on, it is the rule in this country that the court will retain the bill and afford relief by way of compelling compensation to be made, provided the plaintiff brought his bill without knowledge of the disability, in good faith seeking equitable relief, supposing and having reason to suppose himself entitled to such equitable relief. And in *Milkman* v. *Ordway*, 106 Mass. 232, this court decided that the rule, with the same qualifications, extended to all cases where a defect of title, right or capacity in the defendant to fulfil his contract is developed by his answer, or in the course of the hearing.

But the case at bar does not fall within either of these rules. The specific relief which the plaintiff seeks is not defeated by reason of any disability of the defendants, or of either of them, caused since the suit or since the leases to him. He was never in a position in which he could be entitled to such relief. He is defeated by an original defect in his lease, arising from the want of capacity of his lessor to make a lease binding upon all the tenants in common who own the land. And it does not appear that he was not aware of all the facts when he brought his bill. If he was not, they could have been ascertained by reasonable diligence. He does not show that he brought his bill supposing, and having reasonable grounds to suppose, that he was entitled to the equitable relief he sought.

We are of opinion therefore, without considering the other questions in the case, that the plaintiff cannot maintain either his original or supplemental bill.   *Bill dismissed.*