NATIONAL BANK OF COMMERCE *vs.* JAMES A. BAILEY, JR., assignee.

Suffolk.   March 20, 21, 1901. — June 19, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Assignment,* For benefit of creditors.

In this Commonwealth the time named in a common law assignment for the benefit of creditors within which creditors may sign is regarded as of the essence of the contract, and the creditors who sign within that time acquire thereby the right to have the property distributed among them.

An assignment for the benefit of creditors contained a provision, that no creditor should be deemed a party to it or entitled to the benefit of its provisions who failed to assent in writing to its terms within thirty days from its date, provided, that one who was a creditor at the date of the assignment might become a party after thirty days with the written consent of the assignee.   The assignee by a writing indorsed on the assignment extended the time within which creditors might become parties to a period of four months from the date of the instrument. One of the creditors, knowing when the time of signing expired, neglected to sign until after the expiration of the four months and on application to the assignee was refused permission to sign.   In a suit in equity brought by this creditor, to have the assignee ordered to give his written consent to the plaintiff's

becoming a party to the assignment, a demurrer to the bill was sustained, on the ground that the defendant was justified in refusing his consent. The fact, that the assignment contemplated a *pro rata* distribution among the creditors of the assignor and that the plaintiff was a creditor, was not enough to entitle the plaintiff to relief. The assignment also contemplated that only those creditors who signed it within the required time should become parties to it, and the plaintiff had not become a party in the manner provided.

BILL IN EQUITY by a bank holding a promissory note and bill of exchange, respectively made and accepted by Francis Batchelder and Company, against the defendant as assignee for the benefit of creditors of that firm, praying that the plaintiff might be allowed to become a party to the assignment and that the defendant might be directed to assent thereto, filed June 11, 1900, and amended January 19 and 30, 1901.

The defendant demurred to the bill. The case was heard by *Lathrop*, J., who reserved it for the consideration of the full court upon the amended bill and demurrer, such decree to be entered as to the court should seem meet.

*C. K. Cobb & W. D. Whitmore, Jr.*, for the plaintiff. The assignment created a trust in the benefits of which the plaintiff is entitled to share. The trust must be controlled, so that it may be administered reasonably and the trustee ordered to do his duty. This was a common law assignment for the benefit of creditors. The debtor's object was to assign, in order to distribute his property ratably among all his creditors, including the plaintiff. Why should not the plaintiff be allowed to be a party to the trust created for its benefit, on showing that its exclusion by the trustee was not a reasonable exercise of the trustee's discretion?

*G. R. Pulsifer*, ( *W. Bolster* with him,) for the defendant.

MORTON, J. The defendant is the assignee under a common law assignment made by Francis Batchelder and Company for the benefit of their creditors. The plaintiff is and was at the date of said assignment a creditor of the assignors. The assignment was dated December 16, 1899, and contains the following provision: "No creditor shall be deemed a party to this agreement or entitled to the benefit of its provisions, who fails to assent in writing to the terms of the same within thirty days from its date . . . provided, however, that any person who was a creditor of the parties of the first part [Francis Batchelder and

Company] on the day of the date of this indenture, may become a party thereto after thirty days, with the consent of said party of the second part [the assignee] expressed in writing, if the party of the second part see fit to give such consent; that the party of the second part accepts the trusts herein created and covenants and agrees with the parties to this agreement that he will faithfully and impartially execute the same." The plaintiff did not become a party to the agreement within the time limited in it, nor within the four months from its date, to which that time was extended, as alleged in the bill, by the assignee by a writing indorsed on the assignment. In January its board of directors authorized its cashier to sign the agreement. But there is nothing in the allegations in the bill to show, if that is material, that this vote was communicated to the defendant, or that he had any knowledge of it. The cashier neglected to sign the assignment till after the four months had expired, when, upon his offer to do so, the defendant declined to allow him to sign. The prayer of the bill is that the plaintiff may be allowed to become a party to the assignment, and that the defendant may be directed to give his consent thereto. There was a demurrer to the bill and the case was reserved, upon the bill as amended and the demurrer, for the full court, such decree to be entered as shall seem meet.

In addition to what has been stated above the bill alleges that the defendant has in his hands sufficient funds to pay the plaintiff the same dividend that he has paid other creditors who are parties to the assignment and to leave in his hands a surplus for further dividends. It also alleges that defendant declined to allow the plaintiff's cashier to sign on the ground that he could not give his consent without liability to himself. It further alleges that for some time after the date of the assignment there were negotiations between the debtors and their creditors looking to an offer of settlement and the plaintiff did not sign because it supposed that it would be unnecessary to do so in case of a settlement and because it was considering offers of settlement; that the plaintiff's cashier communicated with the defendant from time to time in reference to the advisability of signing, taking the ground that the plaintiff would probably assent and would do nothing to prevent a settlement of the affairs of the debtors

by the assignees; and that in one of his conversations with the defendant the plaintiff's cashier stated that he would decide whether to sign or accept one of the offers of compromise if the defendant would let him know when it became necessary for him to give a definite answer and that the defendant did not dissent and the cashier understood that the defendant would let him know. There are also averments that, in declining to allow the plaintiff to become a party, the defendant is influenced by some motive and purpose unknown to the plaintiff other than the motive and purpose to perform impartially according to its terms the trust reposed in him. There is no charge of fraud unless these averments can be so construed, and the plaintiff does not contend that they should be so construed. It appears from correspondence which is attached to and forms a part of the bill that on March 8, 1900, the defendant wrote to the plaintiff saying in substance that he had received the assent of substantially all of the creditors except five or six of whom the plaintiff was one and that the plaintiff's president had asked him to let him know when he had got the assent of substantially all the creditors except the plaintiff and that he should soon like to have the plaintiff's assent to the assignment. The plaintiff's cashier replied on March 9 saying in substance that he would be in Boston in a few days and would call on the defendant in relation to the assignment. There is nothing in the bill to show that the cashier or any one else representing the plaintiff called on the defendant till after the date to which the time for signing had been extended. Neither is there anything to show that the officers of the plaintiff did not know when the extension of the time for signing would expire. And if the statement in the bill of the conversation between the defendant and the plaintiff's cashier is to be construed as an undertaking on the part of the defendant to inform the cashier when it was necessary for him to decide, (which we doubt,) the defendant's letter of March 8 must be regarded as a substantial performance of that undertaking.

It is possible that in England the plaintiff would be allowed to become a party to the assignment and that, as the plaintiff contends, the English decisions would warrant such a conclusion. See *Whitmore* v. *Turquand,* 1 Johns. & Hem. 444; *S. C.* 3 De G., F. & J. 107; *Raworth* v. *Parker,* 2 K. & J. 163; *In re*

*Baber's trusts*, L. R. 10 Eq. 554.  But in this Commonwealth the time within which creditors may sign is regarded as of the essence of the contract and it is held that the creditors who sign within that time acquire thereby the right to have the property distributed amongst themselves.  *Battles* v. *Fobes*, 21 Pick. 239; *S. C.* 2 Met. 93.  *Dedham Bank* v. *Richards*, 2 Met. 105.  *First National Bank of Easton* v. *Smith*, 133 Mass. 26.  *National Union Bank* v. *Copeland*, 141 Mass. 257.

Assuming that the right to refuse his consent is not an arbitrary right to be exercised by the assignee wholly at his discretion and assuming that the alleged reason for refusing his consent was not the best one that could have been given, nevertheless we think that, upon the facts in this case, the defendant was justified in refusing his consent, and that the plaintiff is not entitled to a decree in its favor.  There has been no fraud, or misrepresentation or concealment on the defendant's part.  The plaintiff knew when the time for signing expired and it is due to its own neglect or inadvertence that it did not sign.  No valid excuse is shown for the delay.  And the fact that the assignment contemplates a *pro rata* distribution amongst the creditors of the assignors and that the plaintiff is a creditor is not enough to entitle it to relief.  It also contemplates that only those creditors who become parties to it in the manner provided shall share in the distribution, and the plaintiff has not become a party to it, in the manner provided.  The general averment upon information and belief that the defendant is acting from an improper motive and purpose is not enough, we think, to entitle a plaintiff to relief in a case where, as here, the trustee is acting within the terms of the power that is conferred, and the facts, so far as shown, appear to justify the action that is complained of.

*Bill dismissed.*