ALBERT R. MOULTON & another *vs.* LEWIS P. BARTLETT, JR., & others.

Suffolk.    January 22, 1907. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Assignment*, For benefit of creditors.

By the terms of a common law assignment for the benefit of creditors, creditors, to be entitled to its benefits, were required to assent to it in writing within thirty days from its date, with a proviso that after that time creditors might become parties to it with the consent of the trustees, expressed in writing, if they should " see fit to give such consent." The time for assent by creditors was extended beyond the thirty days, first for a period of one month and then for two other periods of two months each. Before the expiration of the last extension certain creditors, who had failed to assent to the assignment, filed a petition to have the assignor adjudged a bankrupt, and for more than a year and a half carried on litigation with the view of superseding the assignment by proceedings in bankruptcy, until at the end of that time their petition was dismissed. They then tried to assent to the assignment, but the trustees refused to allow them to do so, except on certain terms to which they would not agree. These creditors then brought a suit in equity to compel the trustees to permit them to become parties to the assignment. The judge who heard the case found that the trustees in withholding their consent acted under the advice of counsel and in the honest belief that they were doing what was right in the performance of their duty as trustees. *Held*, that there was nothing to show that the defendants had abused their discretion, and that the bill should be dismissed.

KNOWLTON, C. J. The defendants are trustees for the benefit of creditors under a common law assignment of the firm of George M. Coburn and Company. The plaintiffs are creditors of that firm. By the terms of the assignment, creditors, to be entitled to its benefits, were required to assent to it in writing within thirty days from its date, with a proviso that after that time creditors might become parties to it " with the consent of said parties of the second part, (the trustees) expressed in writing, if the parties of the second part see fit to give such consent." The time for expressing assent was extended beyond the thirty days, first for a period of one month, and twice afterwards for periods of two months each. Before the expiration of that time these plaintiffs filed a petition in the District Court of the United States to have the firm adjudged bankrupts. Litigation on this petition in the District Court, in the Circuit

Court of Appeals, and in the Supreme Court of the United States continued for more than a year and a half, when the petition was finally dismissed. The defendants would not consent that the plaintiffs should become parties to the assignment unless they would pay $1,500 for expenses incurred in the litigation, professedly in the interest of the general creditors, and without an intimation, after having examined the accounts and doings of the trustees, that they would not postpone the settlement of the trust by litigation as objectors to the accounts. The plaintiffs declined these terms, and brought this bill to compel the defendants to permit them to become parties to the assignment.

The decision in *National Bank of Commerce* v. *Bailey*, 179 Mass. 415, is decisive of this case. It is said in the opinion, with a citation of authorities, that "in this Commonwealth the time within which creditors may sign is regarded as of the essence of the contract and it is held that the creditors who sign within that time acquire thereby the right to have the property distributed amongst themselves." The facts in that case were more favorable to the plaintiffs than they are in the present case. These plaintiffs commenced, and continued for a long time, litigation, with a view to supersede the assignment by proceedings in bankruptcy. They declined to become parties to the assignment, although they knew "that there probably was a time limit for assent fixed in the deed." The judge who heard the case* found "that the trustees have not acted dishonestly or in bad faith in withholding their consent, but on the contrary have acted throughout in dealing with the plaintiffs under advice of counsel and in the honest belief that they were doing what was right and according to their duty as trustees."

There is nothing in the record to show that the court was wrong in holding that there was no abuse of their discretion.

*Bill dismissed with costs.*

*L. M. Friedman,* (*P. A. Atherton* with him,) for the plaintiffs.

*C. K. Cobb & W. D. Whitmore, Jr.,* for the defendants, were not called upon.

---

* *Schofield*, J., who ordered that the bill be dismissed, and at the request of the plaintiffs reported the case for determination by this court.