INTERNATIONAL TRUST COMPANY *vs.* HARRIS LIVERMORE & others, trustees.

Suffolk.   November 13, 1914. — January 8, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Assignment,* For benefit of creditors.

Where, in a suit in equity by a creditor of one, who had made a common law assignment for the benefit of his creditors, against the assignee to compel him to permit the plaintiff to share in the benefits of the assignment, it appears that the assignment provided among other things that only such creditors should share in its benefits as executed the instrument or otherwise accepted it in writing to the satisfaction of the assignee within sixty days from its date or within such further time as the assignee should allow in writing, that the assignee gave to the creditors a notice in writing stating the fact of the assignment and enclosing a blank for an assent in writing but making no reference to the limitation of time within which assent should be given, and filed a copy of the assignment with the clerk of a city, where, presumably, the debtor's principal place of business was, in conformity with the requirements of R. L. c. 147, § 22; and where, on conflicting evidence, a judge who heard the case found that the plaintiff knew that at some time he must sign an assent if he wanted to be a party to the assignment and that probably a time limit for assent was fixed in the instrument, but refused to give such assent until after the sixty days limitation had expired, believing that he possessed means of compelling a more advantageous settlement from the debtor, and that, although the plaintiff never had nor saw a copy of the assignment, the assignee did nothing to conceal from him the exact time limited for his assent, the suit must be dismissed.

DE COURCY, J.   On December 27 or 28, 1911, Harry M. Lamb made a common law assignment of all his property to the defendants, in trust for the benefit of his creditors.   By its terms only those creditors were entitled to share in the benefits of the instrument who should "execute these presents, or otherwise accept the same in writing to the satisfaction of the said parties of the second part [the assignees] within sixty days from the date hereof, or within such further time, if any, as said parties of the second part shall allow in and by a writing," etc.   A notice of the assignment * was sent by the assignees to the plaintiff on December 28, 1911; but it did not assent thereto during the sixty days.   The

---

* This notice was signed by the defendants and read as follows: "Boston, Dec. 28, 1911.   To the creditors of Harry M. Lamb, Gentlemen: Harry M. Lamb, of North Wilmington has this day executed to us an assignment of all his property, in trust for the benefit of his creditors, without preference or priority except as provided by law.   We have accepted the trust.   A general meeting of the creditors will be held at Room 322, 53 State Street, Boston, on

plaintiff did forward a written consent on March 6, 1912,* but the defendants then declined to allow it to be a party to the assignment; and this suit was brought to compel them to do so.

We cannot say that the trial judge, who saw the witnesses, was not justified by the evidence in making among others the following findings of fact: The officers of the trust company knew that at some time they must sign on behalf of the corporation if they wanted it to become a party, and that probably a time limit for assent was stipulated in the assignment; yet they refused to give such assent within the period prescribed, believing that they possessed means of compelling a settlement more advantageous to the plaintiff than they would get under the assignment. The defendants did nothing to conceal from the plaintiff the exact time limited for its assent, and copies of the assignment were on file at the office of the city clerk of Boston,† and in the registry of deeds at East Cambridge.

On the facts as found it is settled by our decisions that the plaintiff is not entitled to the relief it asks for. *National Bank of Commerce* v. *Bailey,* 179 Mass. 415. *Moulton* v. *Bartlett,* 195 Mass. 33. A decree dismissing the bill with costs must be entered.

*So ordered.*

*W. M. Richardson & J. R. Lazenby,* for the plaintiff, submitted a brief.

*W. V. Taylor,* for the defendants.

---

Thursday, January 4th, 1912, next, at 4 o'clock P. M. To expedite a settlement of affairs, we ask you to send us a statement of your account made up to this date, and also to sign and mail to us as soon as possible the enclosed assent to the assignment."

Enclosed with the notice was a blank form for assent and release, reading as follows: "We hereby assent to the terms of a certain instrument of assignment for the benefit of creditors, made by Harry M. Lamb, the said instrument being dated the 28th day of December 1911 and Harris Livermore, Warner V. Taylor, and Samuel O. Reinstein being therein named as assignees; and we hereby become parties to the said instrument as assenting creditor thereunder, and in accordance with the provisions of said assignment, agree to accept in full payment of our debt, claim and demand, the dividends which shall be payable under said assignment, and release, acquit and discharge the debtor from such debt, claim and demand as therein provided. Witness our hand and seal. . . ."

* This assent was by the plaintiff as a creditor "of Harry M. Lamb, doing business as H. M. Lamb & Co., of Boston, Mass."

† See the last clause of R. L. c. 147, § 22.