ISADORE STRASNICK *vs.* JOSEPH H. CINAMON.

Essex.     November 29, 1932. — February 16, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Assignment*, For benefit of creditors.

From facts found by a master who heard a suit in equity by the indorsee of certain trade acceptances of a corporation against a common law assignee for the benefit of the creditors of the corporation to compel

the defendant to permit the plaintiff to share in the proceeds of the assets of the corporation, it appeared that the assignment was in due form, that it was recorded, and that notices of it were given as required by G. L. (Ter. Ed.) c. 203, § 41; that it provided that it was for the benefit only of creditors who should assent to it in writing within sixty days unless the assignee should consent in writing to a later assent; that the plaintiff received the acceptances after the assignment; that they originally had been given to a second corporation, which had pledged them to a third corporation as security and then, before the assignment by the first corporation to the defendant, itself had made an assignment for the benefit of its creditors. The second and the third corporations, within a few days of the assignment by the first corporation to the defendant, both orally stated to the defendant claims as creditors of the first corporation, but no assent in writing was filed as to such claim within the specified sixty days and the defendant did not consent to a later filing of assent. The pledgor corporation executed and delivered to the attorney for the defendant an assignment of its claim upon the trade acceptances within three days after the assignment to the defendant. The bill was dismissed. *Held,* that

(1) The assignment by the pledgor corporation to the defendant's attorney of its claim under the trade acceptances was neither in form nor in substance an assent to the assignment by the debtor corporation to the defendant;

(2) By reason of lack of an assent as required by the assignment to the defendant, the plaintiff was not entitled to the relief he sought;

(3) The bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on May 5, 1931, and described in the opinion.

The suit was heard by a master. From his report it appeared that the pledge of the trade acceptances of the defendant's assignor by the K and S Shoe Co. to The Standard Kid Co. described in the opinion was before May 15, 1929, the date of the assignment to Kobrin by the K and S Shoe Co. for the benefit of its creditors. Other material facts are stated in the opinion.

The suit was heard by *Whiting,* J., by whose order there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill. The plaintiff appealed from the final decree.

The case was submitted on briefs.

*A. Kobrin, J. M. Cashman, & L. Kobrin,* for the plaintiff.

*J. H. Cinamon & J. I. Yoffa,* for the defendant.

LUMMUS, J. The defendant, on June 18, 1929, became

assignee under a common law assignment executed on that day by Aronson Bros. Shoe Co. Inc. and duly filed the next day under G. .L. (Ter. Ed.) c. 203, § 41, conveying all its property and estate to the defendant in trust for the benefit of creditors who should assent in writing to the assignment within sixty days, unless the assignee should consent in writing to a later assent. Written notice was duly given to all known creditors. At the time of the assignment, Aronson Bros. Shoe Co. Inc. owed The Standard Kid Co. upon negotiable trade acceptances originally given to K and S Shoe Co., indorsed by that company to The Standard Kid Co. as security, and now owned by the plaintiff.

At a meeting of creditors on June 21, 1929, both The Standard Kid Co. and K and S Shoe Co. orally claimed the right to assent as to the trade acceptances, and were urged by the defendant to settle their differences so that only one assent would be filed by them. No written assent was filed, however, and no consent by the assignee to a late assent was given, as to this claim, until on October 14, 1929, The Standard Kid Co., believing without justification that the time allowed for assent was four months instead of sixty days, filed an assent which the defendant refused to recognize because the sixty-day period had expired. It is true that on June 21, 1929, K and S Shoe Co. executed and delivered to the attorney for the defendant an assignment of its claim upon the trade acceptances, but nothing passed thereby, not merely because of the prior indorsement of them to The Standard Kid Co. but also because of a prior general assignment for the benefit of creditors given by K and S Shoe Co. to Aaron Kobrin. Neither in form nor in substance was the document executed by K and S Shoe Co. on June 21, 1929, an assent to the assignment for the benefit of creditors under which the defendant acted.

On May 5, 1931, the plaintiff filed a bill to be allowed to share in the distribution of the assets of Aronson Bros. Shoe Co. Inc. and later appealed from a final decree dismissing his bill. The facts stated appear in the report of a master. The only exception to the master's report was to the exclusion of what was plainly an inadmissible offer of compromise.

The plaintiff is not entitled to relief, for only those creditors who assented and thus became *cestuis que trust* in accordance with the provisions of the assignment to the defendant had a right to share in the distribution. *National Bank of Commerce* v. *Bailey*, 179 Mass. 415. *Moulton* v. *Bartlett*, 195 Mass. 33. *International Trust Co.* v. *Livermore*, 220 Mass. 122. See also *Boston* v. *Turner*, 201 Mass. 190; *Collector of Taxes of Boston* v. *New England Trust Co.* 221 Mass. 384, 387, 388.

*Decree affirmed with costs.*