JOSEPH BECKER *vs.* SAMUEL ZARKIN & another.

Suffolk.   October 11, 1935. — October 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Assignment,* For the benefit of creditors. *Equity Pleading and Practice,* Plea, Waiver. *Evidence,* Presumptions and burden of proof. *Contract,* What constitutes.

A plea in a suit in equity cannot be attacked for the first time in this court on the point of form that it contained more than one ground.

The burden of proving a material fact alleged in a bill in equity was on the plaintiff at the hearing of a plea which in substance merely negatived that fact.

That a creditor of one who made an assignment for the benefit of creditors providing that any creditor might participate by signing and delivering to the assignee a written assent to the terms of the assignment within a certain time, seasonably went to the office of the assignee and there signed an assent, and shortly thereafter told the assignee he had decided not to assent, did not show that he had delivered the signed assent to the assignee as required by the assignment or that he had become a participating creditor; and a subsequent suit in equity by him against the assignee to enforce the assignment was properly dismissed.

BILL IN EQUITY, filed in the Superior Court on February 21, 1935.

The suit was heard by *Beaudreau,* J.

*M. J. Zieman,* for the plaintiff, submitted a brief.

*D. W. Jacobs,* for the defendants.

FIELD, J.·  This is a suit in equity. The bill alleges that the defendant Zarkin on or about April 6, 1932, made a

common law assignment for the benefit of his creditors to the defendant Jacobs by an instrument in writing, a copy of which is attached to the bill; that at the time of the assignment the plaintiff was a creditor of the defendant Zarkin on certain promissory notes; that the plaintiff assented to the assignment according to its terms; that he brings this suit for the benefit of himself and all other creditors of the defendant Zarkin who assented to the assignment and may join in the suit as parties plaintiff; that the defendant Jacobs as assignee has reduced the assigned property to cash and, therefore, that the plaintiff is entitled to recover from the defendant Jacobs the whole or a substantial part of the amount of the debt to the plaintiff of the defendant Zarkin. The written assignment provided that no creditor should be entitled to the benefit of its provisions "who fails to assent in writing to the terms of the same within four months from its date; but such assent may be expressed either by signing these presents or by signing and delivering to the party of the second part [the assignee] any other writing expressing an assent to the terms of this instrument," with an exception not here material.

The defendants filed pleas in identical terms alleging, together with another defence, that the plaintiff "expressly refused to become an assenting creditor . . . within the time limited."

The trial judge found and ruled as follows: "In this case at the hearing on the plea there was evidence, and I find, that on April 6, 1932, the defendant Samuel Zarkin made an assignment for the benefit of his creditors to David W. Jacobs; that the defendant David W. Jacobs accepted said trust and by the terms of said assignment creditors could have become parties thereto by assenting on or before August 6, 1932. About one month from April 6, 1932, Becker came to the office of David W. Jacobs, who said that he got his letter; that Jacobs explained to Becker the contents of the letter and told him that he thought then that the estate would pay about twenty per cent and asked him about his claim. Becker said that he held eight or twelve notes and Jacobs asked him to deliver the notes to

him; Becker signed a written assent to be a participating creditor on that date, but he would not deliver the notes. He then left the office and returned again shortly thereafter and told Jacobs that he decided not to assent, that he wanted to get all of his money and left the office without delivering the notes or any evidence of them, and he never returned. On these facts this plea is to be sustained."

Interlocutory decrees were entered sustaining the pleas and later a final decree was entered dismissing the bill. From these decrees the plaintiff appealed.

The form of the pleas does not appear to have been challenged in the trial court on the ground now urged by the plaintiff that they are defective as setting forth more than a single point or fact relied on to defeat the suit. It is now too late to attack the pleas on this matter of form. *Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503, 507.

The pleas were heard, not on their sufficiency as matter of law, but on the truth of a fact therein alleged. So far as the ground on which they were sustained is concerned they were negative. Each alleged a fact which negatived the affirmative allegation of the bill that the plaintiff assented to the assignment according to its terms. The burden of proving such assent remained on the plaintiff. *Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503, 511.

On the findings of the trial judge this burden of proof was not sustained. The judge found that the plaintiff "signed a written assent to be a participating creditor." But it does not appear that he signed the written instrument of assignment. Nor, though the plaintiff signed a "written assent" in the office of the assignee, does it appear specifically that he delivered such "written assent" to the assignee as required by the terms of the assignment. It does not appear what he did with it. And an inference of delivery is not to be drawn from the facts found. The plaintiff's conduct after signing the "written assent" was at least equally consistent with his never having completed the act required to constitute him an assenting creditor. Whether if the plaintiff, as required by the terms of the assignment, had delivered the "written assent" to the assignee a later

statement by the plaintiff to the assignee that "he decided not to assent" would be an effective revocation of an assent already given need not be decided.

It follows that the pleas were sustained rightly. But under Rule 28 of the Superior Court (1932) "If, upon an issue on a plea, the facts pleaded be determined for the defendant, they shall avail him only as far as in law and equity they ought to avail him." Since, however, it was essential to the plaintiff's case against the defendant Jacobs that he be an assenting creditor (*Strasnick* v. *Cinamon*, 282 Mass. 97, 100), and this issue was determined against the plaintiff on the plea, his suit against this defendant was defeated. And no relief against the defendant Zarkin, independent of the assignment, is within the scope of the bill. Consequently, the bill was dismissed rightly.

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs.*