### JOHN EVERETT *vs.* TOWN OF CANTON.

Norfolk.    October 4, 1937. — May 23, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Actionable Tort. Trespass. Landlord and Tenant,* Termination of tenancy.
*Municipal Corporations,* Liability for tort, Officers and agents. *Public Officer. Practice, Civil,* Appellate Division: decision; Requests, rulings and instructions.

Requests for rulings of law have no standing in the disposition of a demurrer to the declaration in an action.

No tortious conduct of a town was shown by an allegation in a declaration merely that the town as lessee of real estate held over after the expiration of the lease; or by an allegation that immediately after the expiration of the lease the town "forcibly broke and entered" the lessor's "close and premises," which was inconsistent with the previous allegation; or by an allegation that the town "encumbered" the premises "by a tax sale."

A town would not be liable for tortious acts done by its board of public welfare as public officers in the performance of functions imposed upon them by statute.

Upon a report by a district court judge to the Appellate Division of the sustaining of a demurrer to the declaration, no prejudicial error appearing, the Appellate Division should have ordered the report dismissed, not "demurrer sustained."

TORT.    Writ in the District Court of Southern Norfolk dated March 30, 1936.

The action was heard by *Healy,* J.

*J. Everett, pro se.*

*G. W. Grover,* for the defendant.

FIELD, C.J.   This action was brought in a district court. It is described in the writ as an "action of tort." The defendant demurred to the plaintiff's amended declaration on four grounds and filed a request for specifications. Specifications were ordered by the court and filed by the plaintiff. The plaintiff also filed requests for rulings. The judge made a so called "finding" in which he recited earlier proceedings and said that "The court having examined the answers, I am unable to find that the town of Canton is in any way a wrongdoer in the premises. The request for rulings of the plaintiff filed at the time of the trial on the amended declaration was overruled as being inapplicable to the facts presented at the trial." The judge made a report to the Appellate Division in which it is stated that the "report contains all the evidence material to the questions reported," and that the "plaintiff claiming to be aggrieved by the overruling and refusal to rule as requested by the plaintiff, by sustaining the defendant's demurrer, and by the finding; I hereby report the same to the Appellate Division for determination." No evidence is set out in the report. The Appellate Division ordered the demurrer sustained, and the plaintiff appealed.

The course of procedure in the trial court is not made wholly clear by the report. There are indications that there was a hearing upon the demurrer, which was sustained, and that the rulings requested and refused were rulings relating to the demurrer. But there are also indications that there was a trial of fact resulting in a finding of fact that the defendant was not "a wrongdoer in the premises," and that the rulings were requested at that time and were refused as "inapplicable to the facts presented at the trial." A report of such a finding of fact, however, presents no question of law for review. *Reid* v. *Doherty*, 273 Mass. 388, 389. *Baker* v. *Davis*, 299 Mass. 345, 348. And since no evidence is reported it cannot be said that it was error to refuse the requests for rulings — considered as requests for rulings at a trial of fact — on the ground stated. On the other hand, if they are considered as requests for rulings relating to the demurrer, the judge

in passing upon the demurrer was not required to give reasons for his decision thereon and, consequently, the requests had no legal standing.

The question remains whether the demurrer to the amended declaration was sustained rightly. Whether upon demurrer the specifications are to be considered as affecting the sufficiency of the declaration we need not decide, for we are of opinion that whether or not the specifications are so considered the demurrer was sustained rightly. See *Cheraska* v. *Ohanasian*, 259 Mass. 341, 345.

The amended declaration, which is not separated into counts, alleges ownership by the plaintiff of certain land and the buildings thereon in the town of Canton, the election by the defendant under G. L. (Ter. Ed.) c. 117, of a "board of public welfare to relieve and support all poor and indigent persons lawfully settled therein," and the acceptance by the Probate Court on August 24, 1933, of the resignation of a conservator of the property of the plaintiff. The declaration contains the further allegations "that on August 25 A. D. 1933 the plaintiff found said house No. 40 Centre Street and premises in said Canton hired (demised) by the Town of Canton and by the record required by G. L. to be kept by the Board of public welfare recorded as 'so taken on' by the Town of Canton, as lessee; the rent to be paid to the owner by said Town of Canton, was at twenty dollars a month; that said record required to be kept under General Laws (Ter. Ed.) ch 117 sect 32 by said Board of Public Welfare shows that said house No. 40 Centre Street was occupied by the defendant, Town of Canton under Welfare Aid on August 25, 1933 by a public Welfare Family listed as such under Farrell, Laura and Peter (and including two minor children) that the amount to be paid by the defendant, Town of Canton, for such support and relief granted to said public Welfare Family for the then ensuing month (August) was to be paid to the owner; that by holding over after said permission (letting or demise) expired without intention to pay (rent) by the defendant town of Canton; the said defendant town of Canton became a wrongdoer," and that "the demise to the

defendant Town of Canton was for a fixed time, month of August, 1933." There are also allegations that the defendant "has encumbered said house and premises by a tax sale; and that the defendant . . . forcibly broke and entered the plaintiff's · close and premises above described . . . immediately after said fixed time expired, a demise for a fixed period, and kept the plaintiff from the use, possession and improvement of the said house, buildings, land, and premises."

The defendant by its demurrer draws in question the allegation of the declaration that the defendant "became a wrongdoer" by reason of holding over after the expiration of the period for which the premises were demised, and sets up specifically that the defendant is not responsible for the acts alleged to have been committed by the board of public welfare.

It is somewhat difficult to determine precisely the cause of action which the plaintiff attempts to state by his declaration. The defendant, however, did not demur on the ground that the declaration fails to "state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action." See G. L. (Ter. Ed.) c. 231, § 7, Second. But even as against other grounds of demurrer "no intendment can be made in favor of the pleader." *Pollock* v. *New England Telephone & Telegraph Co.* 289 Mass. 255, 258.

Since the amended declaration is not separated into counts it must be considered as a whole. So considered the ground of the action appears to be a holding over of the premises after the expiration of the term of the lease. Though a tenant for a month by so holding over may in a sense thereby become a "wrongdoer," he is not by reason of such holding over alone a "wrongdoer" in the sense of being guilty of the tort of trespass or of any other tort. In the absence of anything done by the lessor to revest possession in himself, the lessee is a tenant at sufferance and not a trespasser. *Mayo* v. *Fletcher*, 14 Pick. 525, 532. *Dorrell* v. *Johnson*, 17 Pick. 263, 266. *Lash* v. *Ames*, 171 Mass. 487, 490. *Benton* v. *Williams*, 202 Mass. 189, 192. And there

is no allegation in the declaration of anything done by the lessor to revest possession in himself. Furthermore, the allegation as to the defendant's breaking and entering the plaintiff's close does not aid the plaintiff's case. It is inconsistent with the allegations of holding over after the expiration of the term of the lease by which, on demurrer, the plaintiff is bound. See *Denvir* v. *North Avenue Savings Bank*, 290 Mass. 137, 138. Nor does the allegation as to the defendant's encumbering the demised property by a tax sale — which, so far as the allegations go, may have been a proper tax sale — aid the plaintiff's case.

Moreover, though there are allegations of a lease to the defendant and of a holding over after the term by the defendant, such allegations are restricted by other allegations — by which the plaintiff is bound — to the effect that the taking of such lease and the holding over after the term were the acts of the board of public welfare of the town done under statutory authority. See G. L. (Ter. Ed.) c. 117. The governing principle was stated in *Bolster* v. *Lawrence*, 225 Mass. 387, 389, with ample citation of authorities, in these terms: "The municipality, in the absence of special statute imposing liability, is not liable for the tortious acts of its officers and servants in connection with the gratuitous performance of strictly public functions, imposed by mandate of the Legislature or undertaken voluntarily by its permission, from which is derived no special corporate advantage, no pecuniary profit, and no enforced contribution from individuals particularly benefited by way of compensation for use or assessment for betterments." There is no special statute imposing liability upon a town for acts of the board of public welfare such as are here alleged. The words "board of public welfare" describe officers of the town who, before the passage of St. 1928, c. 155, were described as "overseers of the poor." "Overseers of the poor are public officers, who commonly act under the authority of the law, and not as agents of a town. But in some matters they may represent the town as its agents." *Neff* v. *Wellesley*, 148 Mass. 487, 494. See *New Bedford* v. *Taunton*, 9 Allen, 207. No facts, however, are

alleged showing that in the matters relied on as a ground of liability the board of public welfare of the defendant town acted as its agents under express or implied authority of the town or specific directions therefrom (see G. L. [Ter. Ed.] c. 117, § 2), rather than as public officers performing, according to their discretion, functions imposed upon them by the Legislature, or that the town derived any "special corporate advantage" or "pecuniary profit" from the performance of these functions. The town would not derive any "special corporate advantage" or "pecuniary profit" such as would render it liable for the tortious acts of the board of public welfare merely by reason of the fact — if it was a fact — that the town under the statutes was charged with the expense of supporting the persons cared for by the board of public welfare. See G. L. (Ter. Ed.) c. 117, as amended, especially §§ 1, 2, 17, 18, 24. *Neff* v. *Wellesley*, 148 Mass. 487, is not in conflict with the conclusion here reached.

Even if we assume that the specifications may be taken into account in passing upon the sufficiency of the declaration, the plaintiff is in no better position in respect to the matters herein discussed. The fatal defects in the declaration would not be cured.

It follows that the demurrer was sustained rightly on the grounds above set forth. Other grounds need not be discussed.

The report to the Appellate Division is obscure. But we think that it is to be interpreted as a report after final decision in the trial court made upon the plaintiff's claim to a report as of right, and not as a report of interlocutory rulings or findings made in the discretion of the trial judge before further proceedings in the trial court. Upon this construction of the report, since no prejudicial error is shown thereby, the Appellate Division should have ordered the report dismissed. G. L. (Ter. Ed.) c. 231, § 108. The order of the Appellate Division, therefore, must be reversed and the report dismissed.

*So ordered.*