GEORGE J. MORAN *vs.* JEREMIAH L. MANNING & others.

Middlesex. April 7, 17, 1939. — June 28, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Equity Pleading and Practice,* Plea, Waiver. *Tenants in Common. Contract,* Under seal, For sale of real estate. *Agency,* Ratification, Undisclosed. *Equity Jurisdiction,* Specific performance.

It is too late, for the first time in this court on appeal from a decree sustaining a plea to a bill in equity, to challenge the plea on the ground that it is double.

A record showing only that a plea to a bill in equity was "sustained after hearing" imported that the hearing was on the issue of fact raised by the plea and that that issue was determined in favor of the defendant.

Statements of counsel in briefs and in arguments before this court, not
    substantiated by the record before the court, cannot be considered
    in determining the case.
An agreement under seal as to the sale of the entire title to real estate,
    purporting to be made solely by one who in fact was only a tenant in
    common, could not be made specifically enforceable in favor of the
    purchaser by ratification by the other tenant in common as an un-
    disclosed principal.

BILL IN EQUITY, filed in the Superior Court on January
20, 1939.

Hearings were before *O'Connell,* J.

*J. J. Tobin,* for the plaintiff.

*D. H. Stuart,* for the defendants.

FIELD, C.J.   This is a suit in equity.   The bill of com-
plaint, filed January 20, 1939, alleges that the defendants
Jeremiah L. Manning, John Francis Manning and Sarah
Ruth Willard inherited in common a certain parcel of land
known as 279 McGrath Highway, Somerville, as the heirs
of Mary E. Flagg, and that the defendant Jeremiah L.
Manning was appointed administrator of said estate on
or about April 14, 1936.   The bill alleges further that the
plaintiff, on August 1, 1937, "entered into a written agree-
ment with the . . . [defendant], Jeremiah L. Manning,
to lease the land known as #279 McGrath Highway, Somer-
ville, with option to buy, a copy of which is hereby annexed
marked 'A'; and further that on or about August 1, 1938,
that your . . . [plaintiff] and the . . . [defendant], Jere-
miah L. Manning, agreed to extend said agreement for
another year, that is, up to and including July 31, 1939
and that in furtherance of this agreement the . . . [de-
fendant], Jeremiah L. Manning, had his lease changed by
adding the figure '8' after '1937' in the first line of said
agreement marked 'A' and that the copy retained and held
by the . . . [plaintiff], George Moran, was also changed
in a similar manner; meaning and intending that the date
in the new agreement should now read 'first day of August,
1938,'" and that the defendants "John Francis Manning,
and Sarah Ruth Willard, knew of said agreement and
option and also of renewal of same; that they ratified and
confirmed both of said instruments."

A copy of the written agreement annexed to the bill recites that it was "made the first day of August, 1937, 8, by and between Jeremiah L. Manning . . . hereinafter called the lessor, and George J. Moran . . . hereinafter called the lessee," and recites that the "lessor does hereby demise and lease unto the lessee" the premises in question "to have and to hold the said lot or parcel of land with the appurtenances unto the said lessee, his executors, administrators, and assigns, for and during the term of one year from the first day of August, 1937, yielding and paying as rent the sum of $120, yearly by equal monthly payments of $10. each, the first payment to be made on the first day of August now next ensuing." The instrument also recites certain agreements and covenants of the parties, including an agreement of the parties "that the said lessee shall have the exclusive right and option to purchase from the lessor the said lot of land at any time during the term of this lease for the price of $1,100, and the said lessor agrees to sell, transfer, convey, assign, and deliver to the lessee all his right, title and interest in and to said lot of land by a good and sufficient deed, free and clear from all liens, encumbrances and assessments," a covenant of the said lessor for quiet enjoyment by the lessee "without hindrance or interruption by the said lessor or any person or persons whomsoever," and a covenant of the "said lessor, for himself, his heirs, executors, administrators and assigns that he has good right and title to the said premises and that he has the right to lease the same." The instrument purports to have been signed and sealed by "Jeremiah L. Manning, administrator Mary E. Flagg, Est." and "George J. Moran."

The bill alleges that the plaintiff "lived up to and complied with all terms of said agreement, in copy annexed marked 'A', and further had arranged for and desired to and still desires to purchase said land under the terms and conditions as agreed upon" therein. The bill alleges also that the defendants Jeremiah L. Manning, John Francis Manning and Sarah Ruth Willard, with full knowledge of the lease, "sold, transferred and conveyed said land" on

December 24, 1938, to the defendant John Kolligian, who had "full knowledge of instrument and agreement" between the plaintiff and the other defendants, that the defendant John Kolligian has leased the land to the defendant Union Motor Sales Inc., that as a result of said lease the plaintiff has been notified and requested by the defendants "John Kolligian and the agents or officers of the Union Motor Sales Inc., to vacate said land," and that the plaintiff, "if compelled to vacate said land . . . and . . . prevented from exercising his option to purchase the said land as set out in the instrument . . . [annexed to the bill of exceptions], will suffer irreparable damage and financial loss." There are other allegations which need not be recited.

The plaintiff prays that the defendant Union Motor Sales, Inc., be enjoined from using or occupying said land and be enjoined from ejecting the plaintiff therefrom, that the defendant John Kolligian be similarly enjoined and also enjoined from "transfering, conveying, encumbering or in any other way, effecting [sic] the said real estate," that the plaintiff's rights in the land be established and the defendants be ordered to execute the necessary papers to convey it to the plaintiff, and for other relief specifically described and for general relief.

The defendants filed a plea in bar alleging that "the alleged lease by and under which the plaintiff claims his cause of action arises, was, if in existence, made by one who was without authority, and was therefore illegal and void." This plea, according to the record, was "sustained after hearing." A final decree was entered reciting that the "cause came on to be heard . . . upon the plea in bar of the defendants and was argued by counsel," and ordering and decreeing "that the bill be and hereby is dismissed." The plaintiff appealed both from the decree sustaining the plea and from the decree dismissing the bill.

First. It is argued by the defendants that the plea sets up two defences: (a) the nonexistence of the lease relied on by the plaintiff, and (b) that it was "made by one who was without authority." Since it does not appear that at

the trial the form of the plea was challenged on the ground that it was double and, consequently, defective, it is now too late to attack the plea on this ground. *Becker* v. *Zarkin*, 292 Mass. 359, 361. But properly interpreted the plea assumes the existence of the lease and raises only the point of authority in the person making it. Whether the plea was negative or affirmative in character and the burden of proof thereof rested on the plaintiff or on the defendant, the decision that it was "sustained after hearing" imports that the hearing was not on the sufficiency of the plea as matter of law but on the truth of the facts thereby alleged, and that they were determined in favor of the defendants. See *Reilly* v. *Selectmen of Blackstone*, 266 Mass. 503, 507, 509; *Becker* v. *Zarkin*, 292 Mass. 359, 361; *Abbott* v. *Bean*, 295 Mass. 268, 269. And the record, which does not set forth the evidence on which this determination of fact was made, or state that no evidence was introduced, and does not narrate the course of proceedings at the hearing on the plea, shows no error in such determination. Statements of counsel made in the briefs and at the argument before us relating to the course of proceedings at such hearing cannot be considered in deciding the case. The matter so stated was not made the subject of an agreement by counsel approved by the trial judge. Even the statements of counsel are not in accord as to the nature of the hearing on the plea. The decree sustaining the plea, therefore, must be affirmed.

Second. The question remains, however, whether the bill of complaint was dismissed rightly. It is provided by Rule 28 of the Superior Court (1932) that "If, upon an issue on a plea, the facts pleaded be determined for the defendant, they shall avail him only as far as in law and equity they ought to avail him." It is apparent from the terms of the decree whereby the bill was dismissed that it was dismissed solely on the ground that the plea was sustained. The question arises, therefore, whether in the light of the facts determined at the hearing on the plea the bill should have been dismissed, or, on the other hand, the plaintiff should be permitted to go forward with the suit, subject to the determination of facts so made.

For the purposes of the hearing on the plea the allega-
tions of the bill of complaint not contradicted by the plea
were admitted to be true.  *Cole* v. *Wells*, 224 Mass. 504,
513.  And the decree sustaining the plea did not adjudicate
that they were not true.  The plea did not contradict the
allegation of the bill of complaint that the defendants Jere-
miah L. Manning, John Francis Manning and Sarah Ruth
Willard inherited the land in question from Mary E. Flagg.
According to these allegations title to the real estate in
question passed to these defendants, the heirs of Mary E.
Flagg, as tenants in common thereof (see *O'Brien* v. *Ma-
honey*, 179 Mass. 200, 204; *Fiske* v. *Quint*, 274 Mass. 169,
173), though subject to the right of the administrator to
sell under license of court for the payment of debts and
expenses of administration.  *Hooker* v. *Porter*, 271 Mass.
441, 446.  G. L. (Ter. Ed.) c. 202, § 19; § 20, amended by
St. 1933, c. 221, § 5.  See also *Abbott* v. *Downs*, 168 Mass.
481.  Subject to this right these defendants could make an
agreement in the terms of the agreement alleged by the
bill and an extension thereof for the period of one year
ending July 31, 1939.  If there was such an agreement
binding upon them the plaintiff could maintain against
them a bill for specific performance thereof if the other
conditions of maintaining such bill were met.  *Boston &
Worcester Street Railway* v. *Rose*, 194 Mass. 142.  These
defendants could not repudiate the agreement on the ground
that the administrator might have a right to sell under
license of court if the plaintiff was content to have the agree-
ment carried out regardless of this risk.  See *Parkhurst* v.
*Maynard*, 285 Mass. 59, 63–64.  Unless, however, all the
tenants in common were bound by the agreement, which
purported to bind the entire title, the bill cannot be main-
tained for specific performance.  *Tainter* v. *Cole*, 120 Mass.
162.  *Bova* v. *Clemente*, 278 Mass. 585, 587–588.  See also
*Clapp* v. *Atwood*, 300 Mass. 540.  And, since the plaintiff
did not attempt to exercise his option until after the original
agreement had terminated, the bill cannot be maintained
unless the purported extension of the agreement binds all
the tenants in common.

Though the bill does not allege that the defendant Jeremiah L. Manning was authorized by the other tenants in common to execute the agreement in their behalf, the decision upon the plea is a determination that he was not authorized by them to make either the original agreement or the extension thereof. But there are allegations in the bill that both the original agreement and the extension thereof were ratified by the other tenants in common. And we assume in favor of the plaintiff that the adjudication of lack of authorization does not import an adjudication of lack of ratification. Ratification "is not a form of authorization but its peculiar characteristic is that ordinarily it has the same effect as authorization." Am. Law Inst. Restatement: Agency, § 82 (b). See also 1 Mechem on Agency (2d ed.), §§ 347, 348. In interpreting the plea no intendment can be made in favor of the pleader. *Pollock v. New England Telephone & Telegraph Co.* 289 Mass. 255, 258. *Everett* v. *Canton,* 303 Mass. 166, 169. But, on the allegations of the bill, neither the original agreement nor the extension thereof, whether considered as made by the defendant Jeremiah L. Manning individually or as administrator of the estate of Mary E. Flagg, could have been ratified by the other tenants in common.

The original agreement, according to the allegations of the bill of complaint, as appears from the alleged copy of the agreement attached to the bill, was under seal. See *Alfano* v. *Donnelly,* 285 Mass. 554, 556. It purported to be the personal undertaking of Jeremiah L. Manning. It did not purport to bind him in his capacity as administrator of the estate of Mary E. Flagg, though he signed the agreement as such administrator. In view of the language in the body of the instrument, the words added to the signature of Jeremiah L. Manning naturally might be construed as merely *descriptio personae* and the signature as that of Jeremiah L. Manning in his own behalf. But whether the agreement was that of Jeremiah L. Manning as an individual or as administrator it did not purport to bind his cotenants. It was not made in their names. Doubtless if the agreement had not been under seal it

could have been shown that the other cotenants were undisclosed principals, either by virtue of authorization or by virtue of ratification. "But this rule does not apply to an instrument under seal made by an agent, unless it is made in the name of his principal." *Seretto* v. *Schell*, 247 Mass. 173, 176, and cases cited. See also *Exchange Realty Co.* v. *Bines*, 302 Mass. 93, 98. And though a sealed instrument may be ratified by parol it cannot be so ratified by persons not named therein as principals. An undisclosed principal cannot become bound in this manner by a sealed instrument. *Seretto* v. *Schell*, 247 Mass. 173, 177. Nor, if the instrument does not show on its face that any persons other than the signer were intended to be bound thereby, can the seal be treated as surplusage. *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381, 384. *Congress Construction Co.* v. *Worcester Brewing Co.* 182 Mass. 355, 358. *Seretto* v. *Schell*, 247 Mass. 173, 176. It follows that on the allegations of the bill the defendant cotenants, other than Jeremiah L. Manning, were not bound by the original agreement on the ground of ratification thereof.

Even if we assume, as we do not decide, that, on the allegations of the bill the defendant Jeremiah L. Manning was bound by the extension of the agreement, on those allegations the other cotenants were not bound by such extension on the ground of ratification thereof by them. On the allegations of the bill the extension was effected by changing the original instrument in pursuance of an agreement between the plaintiff and the defendant Jeremiah L. Manning, and the other cotenants "ratified and confirmed both . . . instruments." And the plaintiff relies on the original instrument as so modified — an agreement under seal. The principles already stated are applicable to this agreement as extended, and in accordance with these principles the cotenants, other than Jeremiah L. Manning, were not bound by the extended agreement on the ground of ratification.

The bill, therefore, cannot be maintained for specific performance. And the judge was not required to retain the bill for assessment of damages against the defendant

Jeremiah L. Manning. *Tainter* v. *Cole*, 120 Mass. 162. It follows that the decree dismissing the bill must be affirmed.

*Decree sustaining the plea affirmed.*

*Decree dismissing the bill affirmed.*