S. Ella Wilcox Benjamin *vs.* American Telephone and Telegraph Company.

Berkshire.    September 10, 1907. — November 26, 1907.

Present: Morton, Hammond, Sheldon, & Rugg, JJ.

Trespass, *Quare clausum fregit.*    Easement.    Joint Tenants and Tenants in Common.    Deed.    Estoppel.

An action for trespass *quare clausum fregit* cannot be maintained for a trespass committed before the plaintiff became the owner or entitled to possession of the close.

One to whom land is conveyed after a person wrongfully has entered and erected a structure thereon can maintain an action for trespass *quare clausum fregit* against such person if he does not remove the structure after having been asked by the new owner to do so.

Where one of two tenants in common of land attempts by deed to convey to a third person an easement in the land, such conveyance is voidable as to his co-tenant; and, if thereafter both of the tenants in common convey the land to a person other than the grantee in the deed which purported to convey the easement, such person cannot be affected by the easement against his will.

One of two tenants in common of land executed, acknowledged and delivered a deed which purported to convey to a telephone company a right to maintain poles on the land owned in common, and the deed was recorded. The other tenant in common signed and delivered a similar deed which in no way referred to the deed of his co-tenant, but the latter deed was not acknowledged or recorded. Both of the tenants in common thereafter for value conveyed the land to one who had no notice of the deed of the second co-tenant, and who, after the conveyance, gave the telephone company notice to remove poles which it had erected on the land and, upon its refusing, brought against it an action of trespass *quare clausum fregit. Held,* that the deed of the first co-tenant was void as to the second co-tenant, and was not ratified or affirmed by the deed of the latter, that the plaintiff succeeded to the right of the second co-tenant to deny the validity of the grant of the easement and was not estopped from doing so, and, therefore, that the action might be maintained.

Tort for breaking and entering the plaintiff's close, digging up the soil, erecting a pole, stringing wires on the pole and over and across the close, continuing to maintain the pole and wires on the close and not removing them when requested. Writ in the Superior Court for the county of Berkshire dated March 20, 1906.

There was a trial before *Crosby,* J., without a jury. Besides the facts which are stated in the opinion, it appeared that the defendant had, under proper instruments, succeeded to such rights in the premises as had been acquired by the American Telephone and Telegraph Company of Massachusetts.

While the plaintiff's predecessors in title were in possession, the defendant erected a pole and an anchor for a guy wire within the close. After the plaintiff came into possession of the premises, she notified the defendant to remove the poles and wires, but the defendant refused to do so. Other facts are stated in the opinion.

The case was submitted on briefs.

*H. L. Dawes & C. E. Burke,* for the defendant.

*A. C. Collins & C. Giddings,* for the plaintiff.

Morton, J. The pole and the anchor to which the guy was attached had been set in the ground and the wires had been strung before the plaintiff became the owner of the premises, and she cannot therefore maintain an action for the trespass, if any,

thereby committed. But the action of trespass *quare clausum fregit* lies for any direct and wrongful invasion of the possession of another, and the maintenance of the pole and anchor and the operation of the wires by the defendant company under the contract between it and the American Telephone and Telegraph Company of Massachusetts after the plaintiff became the owner of the locus and after a demand had been made by her for their removal constituted or could be found to constitute, in the absence of a legal justification therefor, a direct and wrongful invasion of the plaintiff's possession, and as such to entitle her to maintain an action of trespass *quare clausum fregit* therefor. "The gist of the action is the disturbance or violation of the plaintiff's possession." *Holmes* v. *Wilson,* 10 A. & E. 503. *Bowyer* v. *Cook,* 4 C. B. 236. *Russell* v. *Brown,* 63 Maine, 203. *Ferrin* v. *Symonds,* 11 N. H. 363.

The premises in question were conveyed to the plaintiff by Fannie M. and H. B. Callender, who formerly owned them as tenants in common. The defendant relies upon a deed from Fannie M. Callender to the American Telephone and Telegraph Company of Massachusetts of " the right to construct, operate and maintain its lines over and along the property which I own or in which I have any interest in the town of Sheffield . . . including the necessary poles and fixtures along the roads, streets, or highways adjoining the property owned by me in said town . . . with the right to set the necessary guy and brace poles." This deed was duly executed, acknowledged and recorded before the conveyance to the plaintiff. There also was an instrument purporting to convey to the same grantee like privileges from the other tenant in common, H. B. Callender. This, though under seal, was not acknowledged or recorded, and the plaintiff had no notice of it as, upon evidence warranting him in so doing, the presiding judge must have found.

It is well settled that a conveyance by metes and bounds by a tenant in common of a portion of the estate, if not void, is at least voidable as against his co-tenant. *Frost* v. *Courtis,* 172 Mass. 401. *Barnes* v. *Boardman,* 149 Mass. 106. The defendant concedes, and rightly, that no distinction can be made between such a conveyance and the conveyance of an easement, for the reason that the latter would or might operate equally to the

prejudice of a co-tenant. *Palmer* v. *Palmer*, 150 N. Y. 139, 149. *Crippen* v. *Morss*, 49 N. Y. 63.   17 Am. & Eng. Encyc. of Law, (2d ed.) 684 n. 9.   The deed from Fannie M. Callender to the American Telephone and Telegraph Company of Massachusetts was therefore void as against her co-tenant, H. B. Callender, unless affirmed or ratified by him.   It could not operate either by way of grant or of estoppel as against him.   Though it might operate by way of estoppel as against her in favor of those claiming under her, it could not so operate as against him and those claiming under him.   Conceding, as was said in effect in *Crippen* v. *Morss*, *ubi supra*, that the plaintiff, as the grantee of Fannie, might be estopped by the latter's deed to the American Telephone and Telegraph Company, that deed was void or voidable as against the plaintiff as the grantee of the other co-tenant, and as against him passed no interest which he could not defeat if he elected to do so.

The defendant contends that the conveyance from Fannie B. Callender was ratified and affirmed by her co-tenant by the instrument which he executed to the American Telephone and Telegraph Company.   But there are two objections to this contention.   First, the instrument was not recorded and the plaintiff had no notice of it.   As against her, therefore, it did not and could not operate as a conveyance of an interest in the real estate.   Secondly, the instrument from H. B. Callender did not purport to be and was not an affirmation or ratification of the conveyance by Fannie M. Callender.   It was, if anything, a conveyance by him of a right similar to that which she attempted to convey, and was void as against her just as her deed was void as against him.   What the effect would have been if H. B. Callender had in fact ratified and affirmed the deed of Fannie M. Callender, and the plaintiff had taken without any notice thereof, it is unnecessary now to consider.

*Exceptions overruled.*