H. P. SILVERMAN & others, trustees, *vs.* ROSA BETTI.

Berkshire. September 14, 1915. — October 16, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Way,* Private. *Joint Tenants and Tenants in Common.*

In a suit in equity to restrain the defendant from obstructing a right of way of the plaintiff in an alleged street over the defendant's land, it appeared that the defendant bought his land at a partition sale and received his deed from the commissioner appointed to make that sale and that the deed did not mention the right of way claimed by the plaintiff, that at the time of the sale the plaintiff and the public were using a supposed street over the defendant's land, that such use by the plaintiff and his predecessor in title had continued for many years but for less than twenty years, that sewer and water pipes were laid in the supposed street and that a sidewalk was constructed along it, that there was on file in the registry of deeds a plan on which the supposed street was designated, that this plan was referred to in the deed to the plaintiff's predecessor in title, by which the grantor conveyed the land as guardian after a sale authorized by a decree of the Probate Court, that such grantor previously had purchased with funds which she held as guardian the lot subsequently bought by the defendant at the partition sale, taking the record title in the names of her wards and herself, she having a dower interest in the land, that she had bought this lot for the purpose of making a street through it, and that in her deed, as guardian, to the plaintiff's predecessor she had undertaken to grant to him a right of way over the proposed street as designated on the plan filed in the registry of deeds, but that the decree of sale gave her no authority to grant such a right of way. The defendant had notice of all these facts when he took his deed from the commissioner. *Held,* that the plaintiff had established no right of way over the defendant's land either by grant or by prescription, and that his bill must be dismissed.

Where land is owned by two or more tenants in common an easement cannot be imposed on the land by a deed of one of them.

CARROLL, J. This is a bill in equity to restrain the defendant from obstructing an alleged right of way.* From the report of

---

* The case was reserved by *Fox,* J., upon the pleadings, the master's report and the exceptions thereto, for determination by this court.

the master it appears that in April, 1891, M. Murray Witt died seised of real estate situate about one hundred and sixty-five feet west from State Street, a public highway in the city of North Adams. His widow, Emily P. Witt, and two minor children, Fannie E. P. and Marcia F. P., survived him. The widow was appointed the administratrix of his estate, and on June 7, 1892, was appointed the guardian of his children.

West of State Street and nearly parallel thereto was a private road known as Frances Street. In October, 1892, Mrs. Witt, desiring to lay out a way connecting Frances and State streets, purchased, with funds received by her as guardian from the estate of her husband, a tract of land hereinafter called the "Richmond lot," in the name of herself, Fannie E. P., and Marcia F. P., as tenants in common. The Richmond lot is now owned by the defendant and is the lot over which the plaintiffs claim a right of way. This lot was on the west side of State Street and adjoined the land of M. Murray Witt above mentioned, which land will be spoken of as the "Witt property."

Shortly after the purchase of the Richmond lot, the house and barn standing thereon were moved to the rear of the lot, a sewer and water pipes were laid in it and a sidewalk was constructed along its side.

In March, 1893, Mrs. Witt, as guardian, filed in the Probate Court a petition for the sale of the Witt property, which property at that time, according to the master, was held "in fee as tenants in common by said Fannie E. P. Witt and Marcia F. P. Witt, subject to the right of dower therein of Emily P. Witt." A decree of the Probate Court was issued authorizing a sale of the property. Acting under this decree, on May 26, 1893, the guardian conveyed to the predecessors of the plaintiffs the land now owned by them, it being described in the deed as running "to the northerly side of a contemplated street extending from said Frances Street to State Street, thence southwesterly on said street." Under this decree the guardian also sold other parcels of the Witt property. A plan showing a "proposed road" over the Richmond lot was exhibited to the purchasers before and at the time of sale.

There was in evidence a deed from Mrs. Witt to the city of North Adams, conveying to it a right to maintain a sewer under

the proposed way running from Frances Street to State Street. This deed purported to be given under the decree of March 8, 1893. The sewer was laid under the "proposed road." This way over the Richmond lot has been used by the plaintiffs and the public from the time of the plaintiffs' purchase, "but for less than twenty years," and at the time of the purchase of the Richmond lot by the defendant "it bore all the marks of servitude." At this time there were on file in the registry of deeds two plans, one showing the Witt property divided into building lots, and the other showing the "proposed road."

January 23, 1906, a petition for partition of the Richmond lot was filed in the Probate Court, and on July 30, 1906, these premises were conveyed to the defendant by a deed of the commissioner, which deed made no reference to any existing or proposed right of way over the premises. Previously to these proceedings Fannie E. P. Porter (formerly Witt), then of full age, made a quitclaim deed of her interest in the Richmond lot to one Rice, who at the same time executed a quitclaim deed to Fannie E. P. and Arthur C. Porter (her husband) as joint tenants, the deed to Rice stating that the premises were subject to a certain right of way over the southerly line of the same, said way leading from State Street to Frances Street. It was agreed however that the sale by the commissioner was in all respects legal, that he "took due proceedings and on July 30, 1906, sold the property at public auction to Rosa Betti . . . and delivered to her a deed therefor. . . . The only question is whether the respondent took the premises under said sale subject to the right of way claimed by the petitioners."

At the time of the sale to the defendant, the Richmond lot was used by the plaintiffs and the public, as previously stated. A sewer, water pipes and sidewalk were laid in it, the plans were on record, and the defendants consulted counsel regarding this right of way before accepting the deed.

The defendant has built a fence across the Richmond lot, obstructing the use of the alleged way.

Despite the fact that Mrs. Witt intended to establish a street over the southerly side of the Richmond lot for the benefit of the Witt property, thus forming a continuous way from Frances Street to State Street; that she purchased the Richmond lot for

this express purpose (this intent and purpose being later concurred in by one of the wards, her daughter, Mrs. Fannie E. P. Porter, formerly Witt); that a plan showing this street or way was on record in the registry of deeds as early as September, 1893, the plaintiffs and their predecessors also believing they were acquiring the right to use and enjoy the way as described in their deed and designated on the plan; nevertheless, the predecessors of the plaintiffs purchased their estate at a sale made by the guardian, whose sole authority to act was by virtue of a decree of the Probate Court, which decree empowered the guardian to sell certain described real estate, making no reference whatever to the Richmond lot and embracing only the Witt property, that is to say, the real estate which belonged to her husband during his lifetime. This decree gave no commission to the guardian to deal with any other real estate except the land therein described, and it gave her no right to impose any servitude upon the Richmond lot. See *O'Herron* v. *Gray,* 168 Mass. 573.

When the defendant purchased the Richmond lot, it is true that a sewer, water pipes and sidewalk were constructed upon it. Before the sale she consulted counsel with reference to the right of way. On the other hand, the deed under the proceedings for partition contained no reference to any restriction upon the property. And Mrs. Witt, who had attempted by her deed as guardian to subject this Richmond lot to an easement for the benefit of the Witt property, was merely a tenant in common with others of this Richmond lot, and, as such tenant in common, she could not convey the share of the other tenants therein, nor by her own deed place the burden of an easement on this estate so held in common, and make it servient to some other land. An easement cannot be so imposed on land owned by two or more tenants in common, by a deed of one of the tenants, to which conveyance the others are strangers. *Hazen* v. *Mathews,* 184 Mass. 388. *S. K. Edwards Hall Co.* v. *Dresser,* 168 Mass. 136. *Great Falls Co.* v. *Worster,* 15 N. H. 412. *Boyd* v. *Hand,* 65 Ga. 468. See *Peabody* v. *Minot,* 24 Pick. 329; *Livingston* v. *Ketcham,* 1 Barb. 592.

If, as sole owner of the Witt property, she could not by her deed impose a burden on the Richmond lot while the title to that lot was held by her in common with others, she could not, of course,

under these conditions, while guardian and acting as such in the sale of the Witt property, give to the purchaser a right to use the Richmond lot and make it servient to the land she was conveying. No way, therefore, being established over the Richmond lot, either by grant or prescription, the defendant is not estopped to rely on her legal right and insist upon excluding the plaintiffs from the estate she has purchased.

There being no easement on the defendant's land enforceable either at law or in equity, the defendant cannot be deprived of the title she acquired in July, 1906, under the partition sale. Nor can we consider this proceeding as one in the nature of a bill to remove a cloud from the plaintiff's title. The rights of the defendant must be determined as of the time of her deed, and no subsequent conduct of the guardian or of the wards can prevent the defendant from asserting her right. The case does not present the question, as claimed by the plaintiffs, of the right of the ward alone to dispute the validity of a conveyance made by the guardian, for, as we have said, the guardian did not as such deal with the land purchased by the defendant; as such guardian she conveyed the real estate now owned by the plaintiffs. She did not convey to the defendant the Richmond lot. That lot was purchased under a partition sale. Nor does the notice which came to the defendant of the use of the land by the plaintiffs and the public, this use being in point of time insufficient to create a title by prescription, deprive her of the right and title to the Richmond lot; and the same is true of the notice which she had of the recording of the plans and deeds.

The plaintiffs rely upon *Attorney General* v. *Abbott,* 154 Mass. 323, and *Thomas* v. *Poole,* 7 Gray, 83. Neither of these cases is applicable to the case at bar. In the former case certain parks were laid out at a seashore resort, they were dedicated to and accepted by the public, the defendant claimed to be a *bona fide* purchaser without notice, and the court said: "Purchasers of real estate must take notice of such a fact as the dedication to the public, in like manner as they must take notice of a title gained by adverse possession." In *Thomas* v. *Poole,* John Butters conveyed to the plaintiff a lot of land bounded on a "new way or street now staked out." This street was on adjoining land owned by Butters, who was also the sole owner of the land conveyed to

the plaintiff. Subsequently the defendant purchased of Butters the adjoining lot over which the way was laid out, and built a house thereon, obstructing the way. It was held that the deed to the plaintiff was a grant of a way or street, as then staked out, and the defendant, holding by a subsequent deed, took his deed subject to the prior grant encumbering the premises. From this statement we think it clear that these cases are distinguishable from the case before us. See *Howe* v. *Alger,* 4 Allen, 206; *Cole* v. *Hadley,* 162 Mass. 579.

*Bill dismissed.*

The case was submitted on briefs.

*P. J. Ashe, C. P. Niles & F. M. Myers,* for the plaintiffs.
*M. E. Couch,* for the defendant.