EUGENE H. CLAPP & others *vs.* RAYMOND L. ATWOOD & another.

Essex.     December 10, 13, 1937. — June 28, 1938.

Present: FIELD, LUMMUS, QUA, & COX, JJ.

*Tenants in Common. Easement.*

A grant of an easement to use a beach, made by one only of several tenants in common who owned the beach, conveyed no interest therein as against the others or as against one who subsequently acquired both the share of the grantor of the easement and the shares of some of the others.

PETITION, filed in the Land Court on December 14, 1936, for registration of the title to land.

Certain respondents alleged exceptions following hearing and decision by *Corbett,* J.

*H. D. White,* for the respondents.

*S. C. Rand,* (*A. L. Partridge & H. H. Meyer* with him,) for the petitioners.

QUA, J.  The premises, the title to which the petitioners seek to register, consist of a long irregular strip of rocks, beach and flats, hereinafter called the beach, bounding on the ocean, and located at the southern extremity of Galloupe's Point in Swampscott.  The petitioners own the beach in common, and each petitioner also owns or has an interest in some part of the estates which are situated upon the upland north of and adjoining the beach.  The excepting respondents own land north of these adjoining parcels.  They contend that the beach is subject to an easement in favor of and appurtenant to their land.

In 1925 Samuel J. Mixter and his children, being then owners with others of undivided parts in the beach, conveyed to one Burr a part of the adjoining upland and other land, farther north, including that now owned by the respondents.  After the description of the lands conveyed the deed contained this, "together with the right to use the flats, beach and rocks . . . in common with others lawfully entitled thereto."  The respondents' title is derived through mesne conveyances from Burr, and their claim of an easement in the beach rests upon the words just quoted.  On the same day on which the Mixters conveyed to Burr they also conveyed to Emma J. Brown, one of the petitioners, "all . . . [their] right title and interest in the flats, beach and rocks."  Mrs. Brown is also the owner of other fractional shares in the beach acquired not from or through the Mixters but from other cotenants.  The respondents' contention, therefore, raises the questions whether the grantee of an easement from one or more of a number of tenants in common acquires any interest in the land (1) as against cotenants who did not join in the grant, and (2) as against a cotenant (Mrs. Brown) whose present

undivided share in the allegedly servient land is derived in part from the granting tenants in common and in part from their cotenants who did not join in the conveyance.

In answer to the first question, it is settled that a grant by one tenant in common which is not of an undivided share but which purports to bind the entire title in the land or in some specified portion of the land, whatever effect it may have against the grantor or his share by estoppel or otherwise, is void or voidable when confronted with the title of a cotenant who has not joined in or ratified the grant. *Brown* v. *Bailey,* 1 Met. 254, 257. *DeWitt* v. *Harvey,* 4 Gray, 486, 491. *Tainter* v. *Cole,* 120 Mass. 162, 164. *Barnes* v. *Boardman,* 157 Mass. 479, 480. This rule was applied to grants of easements in *Clark* v. *Parker,* 106 Mass. 554, 557, *Baker* v. *Willard,* 171 Mass. 220, 226, *Hazen* v. *Mathews,* 184 Mass. 388, 393, *Benjamin* v. *American Telephone & Telegraph Co.* 196 Mass. 454, and *Silverman* v. *Betti,* 222 Mass. 142, 145. There is nothing in the nature of the easement here attempted or in the fact that in the case of a beach like this rights substantially similar to such an easement might have been created by a conveyance of an undivided interest in the fee which takes this case out of the rule. Nor is there in the evidence anything which shows error of law in the judge's finding that the use of the beach by the respondents' immediate predecessor in title was permissive only and not the result of ratification of the easement by the tenants in common who did not join in the grant, even if we assume that ratification could be accomplished without a deed. It follows that the alleged easement never became an encumbrance upon the title of the nongranting tenants in common, and that they and their successors are entitled to registration free from such easement.

As to the petitioner Mrs. Brown, although she derived a part of her present ownership in the beach from tenants in common who joined in granting the easement, yet she derived another part from nongranting tenants in common who had a right to avoid the grant. Their right to avoid the grant has therefore passed to Mrs. Brown. She

has acquired a title which is paramount to the easement in every square foot of the land. This point is fully covered by the authority of *Benjamin* v. *American Telephone & Telegraph Co.* 196 Mass. 454, 457, and by *Crippen* v. *Morss*, 49 N. Y. 63, which is there cited. Even in the event of a partition of the beach Mrs. Brown's total present share would be set off to her as an entirety and not in two parts according to the sources of her title, and she could still avoid the easement as to every portion of the part so set off to her, leaving nothing to which the easement could attach by way of estoppel. See *Cressey* v. *Cressey*, 215 Mass. 65, 67. Mrs. Brown is also entitled to registration free of the easement.

It results from what has been said that the excepting respondents have no interest in the beach, and it becomes unnecessary to deal with the requests for rulings in detail or to pass upon matters not already discussed.

*Exceptions overruled.*