WILLIAM W. GOODHUE *vs.* PASQUALE LEONARDI & another.

Suffolk.   May 8, 1957. — June 3, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Agency*, What constitutes.  *Tenants in Common.  Real Property*, Tenancy in common.  *Damages*, For tort.

A finding that a son, a tenant in common with his mother and sister of a farm on which they but not he lived, authorized his mother as his agent to enter into a written contract for the removal of loam and gravel from thirty acres of the farm over ten years at a substantial price was not required by evidence that he had known of and had not objected to sales made by his mother from time to time over many years of small quantities of gravel from the farm and use by her of the proceeds for personal needs or for payment of taxes; and the son, not being bound by the contract, was entitled to have the other party to the contract enjoined from further removal of the loam and gravel and to damages.   [157]

Damages to one of three tenants in common of land for unauthorized removal of loam and gravel therefrom were properly assessed as one third of the diminution in the market value of the land caused by the removal of the loam and gravel.   [158]

BILL IN EQUITY, filed in the Superior Court on May 1, 1953.

The suit was heard by *Quirico,* J.

In this court the case was submitted on briefs.

*James S. Ellis,* for the defendants.

*E. Mark Sullivan,* for the plaintiff.

RONAN, J.   This is an appeal from a final decree assessing damages and enjoining the defendants from further excavating loam and gravel from a parcel of land in Ipswich in which the plaintiff had an undivided one-third interest. We have no report of the evidence, but the judge made findings of fact.

Upon the death of the plaintiff's father title to the land, which comprised about fifty-six acres, descended one third each to the plaintiff's mother, his sister, and the plaintiff.

The plaintiff had not lived at the farm for over forty years although he visited the premises at least once a year. From time to time his mother sold small quantities of gravel without objection from the plaintiff and used the proceeds for personal needs or to pay taxes. On July 9, 1952, the plaintiff's mother, who was then over ninety years of age and lived on the farm with her daughter, Fanny Booz, entered into a written contract with the defendants by which she purported to give them the right to remove loam and gravel for a term of ten years, starting first with a unit of four acres, and then continuing with similar units until thirty acres had been excavated, at the price of $400 an acre. They paid her $1,600 and commenced excavating upon the first unit, and they were to make payments at the same rate for subsequent units of four acres each. The plaintiff was a stranger to this agreement and he did not learn about it until shortly before this bill was filed. The judge found that the plaintiff was not guilty of laches. He also found that the plaintiff's mother had no authority, express or implied, to bind the plaintiff in making the agreement with the defendants on July 9, 1952, and that she did not purport to act for him.

The plaintiff's mother died testate on December 31, 1952, leaving all her estate to her daughter, Mrs. Booz. Subsequently the plaintiff and Mrs. Booz made a voluntary exchange of deeds, without any money consideration, in dividing the farm, and the plaintiff became the owner of the unit where the defendants had excavated.

Knowledge by the plaintiff that his mother from time to time for the last twenty years sold small quantities of gravel, the proceeds of which were used for her own purposes or for the payment of taxes without objection from him, did not require a finding that he had authorized her as his agent to contract with the defendants for the removal within ten years of the gravel and loam contained in thirty acres at the rate of $400 an acre, a transaction in which the mother did not purport to represent anyone except herself and which the plaintiff did not ratify. He sought, practically as soon

as he learned of it, an injunction and damages. *Weld* v. *Oliver*, 21 Pick. 559. *Benjamin* v. *American Telephone & Telegraph Co.* 196 Mass. 454. *Silverman* v. *Betti*, 222 Mass. 142. *Clapp* v. *Atwood*, 300 Mass. 540. 25 Harv. L. Rev. 741.

One cotenant cannot be bound by the unauthorized acts of another cotenant. *Dillon* v. *Brown*, 11 Gray, 179. *Goldsmith* v. *Barron*, 288 Mass. 176.

The damages were properly assessed as one third of the diminution in the market value caused by the excavating of the gravel and loam. *Dickinson* v. *Boyle*, 17 Pick. 78. *Cavanagh* v. *Durgin*, 156 Mass. 466. *Rockwood* v. *Robinson*, 159 Mass. 406. *Crystal Concrete Corp.* v. *Braintree*, 309 Mass. 463, 471. *Gallagher* v. *R. E. Cunniff, Inc.* 314 Mass. 7. *Codman* v. *Wills*, 331 Mass. 154. Since the plaintiff was not a party to the agreement with the defendants and did not receive any of the consideration paid by the defendants to his mother, we see no reason why the defendants should be credited with any part of the payment made to her.

<div align="right">

*Decree affirmed with costs
of the appeal.*