JAMES B. LAURIN & another *vs.* DECAROLIS CONSTRUCTION CO., INC. December 30, 1976. 1. No error has been demonstrated in connection with the denial of the defendant's motion to vacate the appointment of the master and to strike his report. The factual assertions of the motion were not supported by affidavit (see Rule 9 of the Superior Court [1974]), and the judge made no finding as to the truth of any of those assertions. Compare *Alaimo* v. *Fredette, ante,* 866 (1976). 2. The action is not barred by either of the provisions in the purchase and sale agreement concerning (a) what should happen "[i]f the seller shall be unable to give title or to make conveyance as . . . stipulated" and (b) the consequences of the buyer's "acceptance of a deed." *McMahon* v. *M & D Builders, Inc.* 360 Mass. 54, 59-60 (1971). 3. As the plaintiffs were not in or entitled to possession of the premises during the period when the gravel was removed therefrom by the defendant, they are not entitled to the value of the gravel removed on the theory of conversion which was employed by the master in determining damages. Contrast *Phillips* v. *Bowers,* 7 Gray 21, 26 (1856); *Hunt* v. *Boston,* 183 Mass. 303, 306-307 (1903); *Worrall* v. *Munn,* 53 N.Y. 185, 187-189 (1873). The plaintiffs are entitled (as alleged and prayed for in their bill) to the diminution in the value of the land which was caused by the defendant's stripping and appropriation of such of the trees, gravel and loam as did not have to be removed in order to construct the house and its septic system. *Gallagher* v. *R.E. Cunniff, Inc.* 314 Mass. 7, 9 (1943). *Goodhue* v. *Leonardi,* 336 Mass. 156, 158 (1957). See, generally, *Ford* v. *Worcester,* 339 Mass. 657, 659 (1959); *Joseph DeVries & Sons, Inc.* v. *Commonwealth,* 339 Mass. 663, 664-665 (1959); *Consolini* v. *Com-*

Rescript Opinions.

*monwealth,* 346 Mass. 501, 502 (1963); *H.E. Fletcher Co.* v. *Commonwealth,* 350 Mass. 316, 319-321, 323-324 (1966). The judgment is reversed, and the case is remanded to the Superior Court for a redetermination (by the court) of the plaintiffs' damages in accordance with the principles stated herein. Costs of appeal are not to be awarded to any party.

*So ordered.*

*John D. Hodges, Jr.,* for the defendant.

*Charles F. Foster (Jeremiah F. Murphy, Jr.,* with him) for the plaintiffs.